```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


RICHARD SMITH,                     )
                                   )
           Plaintiff,              )
                                   )
      v.                           )    No. 4:05CV914(CDP)
                                   )
PROBATION AND PAROLE, et al.,      )
                                   )
           Defendants.             )
```

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Richard Smith for leave to commence this action without payment of the required filing fee [Doc. #2]. See 28 U.S.C. § 1915(a). Also before the Court is applicant's motion for appointment of counsel [Doc. #3]. Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v.

Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Gregory Gray and Michael Foley, probation officers with the Missouri Board of Probation and Parole (MBPP).[1] Liberally construing the complaint, plaintiff alleges that defendant Gray discriminated against him on the basis of his race by having plaintiff arrested on a probation violation warrant for absconding. It appears that plaintiff's probation was revoked and,

---

[1] It appears that plaintiff has identified the MBPP as defendant "Probation and Parole."

consequently, plaintiff lost an employment opportunity with the Iron Worker's union.  Plaintiff alleges that the absconding charge was false and the defendant Gray falsified certain documents.  Defendant Foley is alleged to be defendant Gray's supervisor.

## Discussion

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's complaint raises a claim of selective or malicious probation revocation based on racial animus. In this case, however, it is clear that a judgment in plaintiff's favor would bring into question the validity of the decision revoking plaintiff's probation and sending him to jail.  Unless and until plaintiff has the decision to revoke his probation overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement appears prohibited by Heck v. Humphrey, 512 U.S. 477 (1994).  See Martin v. Harford County Sherrif's Dep't, No. Civ. A.RDB-05-710, 2005 WL 1177930 (D. Md. May 17, 2005) (claim of selective prosecution barred under Heck unless and until plaintiff is acquitted or, if convicted, his conviction is overturned).  The fact that plaintiff is not currently confined is not enough to infer that the probation revocation decision has been overturned because plaintiff may have been released by expiration of his sentence.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed

in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appoint of counsel [Doc. #3] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of October, 2005.

_____
**UNITED STATES DISTRICT JUDGE**